Andrew DeWayne McKINNEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14721.

Court of Criminal Appeals of Oklahoma.
Nov. 18, 1970.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Curtis P. Harris, Dist. Atty., Oklahoma County, Russell B. Fister, Asst. Dist. Atty., G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

The plaintiff in error, who shall hereinafter be referred to as the defendant was charged by information in the District Court of Oklahoma County with the crime of Robbery with Firearms, After Former Conviction of a Felony. He was tried before a jury, who found him guilty of Robbery First Degree, After Former Conviction of a Felony, and assessed his punishment at 35 years in the penitentiary. Defendant was apparently an indigent and was defended by the Assistant Public Defender.

The uncontested facts reveal that defendant was identified by Janet Wilkins, the operator of Jack Sussman Liquor Store at 4801 North Lincoln, Oklahoma City, as the person who entered the store about 9:00 P.M. on March 25, 1967, and robbed her of $160.00 in money. The defendant was arrested thereafter on a traffic ticket offense, and placed in jail. He testified outside the presence of the jury that he was held incommunicado for several days. His testimony revealed he was in jail from Tuesday until the following Monday. That during that time he was interrogated by Officer Bill Baldwin. He also testified he was placed in a line-up. That he never admitted his guilt at anytime, and kept telling Officer Baldwin his attorney was Clay Wise. Officer Baldwin didn't remember exactly how long defendant remained in jail, but admitted defendant maintained his innocence until after they held a line-up and he told defendant that the woman who operated the liquor store had picked him out of the line-up, and then defendant confessed. He admitted no stenographer was present and they did not record his confession by tape or otherwise, although the defendant was a minor. Officer Baldwin

testified he thoroughly admonished defendant as to his Constitutional rights, but that defendant refused counsel and voluntarily admitted the offense. Officer Baldwin's testimony as to defendant's confession was not corroborated by any other witnesses.

■ During the course of the trial, the testimony was completely silent as to defendant having a weapon of any kind. Officer Baldwin said defendant told him he entered the liquor store to "tap the till", but something went wrong. Mrs. Wilkins said she saw no gun but defendant's pocket was hanging low and he told her to stand back from the register or he would blow her back. The facts seem to support the charge of Robbery First Degree, 21 O.S.A. § 798, which carries a penalty of not less than ten years; rather than Robbery With Firearms, 21 O.S.A. § 801, which carries a maximum penalty of death. The jury substantiates this in their verdict.

■ It is doubtful if the testimony of Officer Baldwin or Mrs. Wilkins was competent in view of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, wherein it was said:

"A postindictment lineup is a critical stage of a prosecution of one indicted for bank robbery, at which he is entitled to the aid of counsel, where the lineup is conducted so that bank employees can identify the robber, and each person in the lineup is required, like the bank robber, to wear strips of tape on his face and to say, "Put the money in the bag."

The Court said further:

"The Sixth Amendment right to counsel requires that absent an intelligent waiver, both an accused and his counsel be notified of an impending police lineup, and counsel be present at the lineup, where the lineup is a critical stage of the prosecution."

For the above and foregoing reasons, we feel that justice would be best served if the judgment and sentence of the trial court would be modified from 35 years in the penitentiary to Ten (10) Years in the penitentiary, and as so modified, otherwise affirmed.

Modified and affirmed.

BRETT, P. J., and BUSSEY, J., concur.